**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO RODRIGUEZ, | No. 12-55515 |
| Petitioner - Appellant, | D.C. No. 3:11-cv-01216-IEG-WVG |
| v. | |
| BRENDA M. CASH, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Irma E. Gonzalez, Chief District Judge, Presiding

Submitted May 9, 2013[**]
Pasadena, California

Before: PREGERSON and FISHER, Circuit Judges, and DANIEL, District
Judge.[***]

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]The Honorable Wiley Y. Daniel, Senior United States District Judge for the District of Colorado, sitting by designation.

Sergio Rodriguez appeals the district court's order dismissing with prejudice the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Rodriguez contends that the state court unreasonably applied *Griffin v. California*, 380 U.S. 609, 615 (1965), by failing to find error when the prosecutor made impermissible comments about Rodriguez's failure to testify at trial. "While a direct comment about the defendant's failure to testify always violates *Griffin*, a prosecutor's indirect comment violates *Griffin* only 'if it is manifestly intended to call attention to the defendant's failure to testify, or is of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify.'" *Hovey v. Ayers*, 458 F.3d 892, 912 (9th Cir. 2006) (quoting *Lincoln v. Sunn*, 807 F.2d 805, 809 (9th Cir. 1987)).

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") standard, the state court's conclusion that no error occurred was neither an unreasonable application of *Griffin* nor an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). Although Rodriguez contends the prosecutor made an indirect reference to his failure to testify, when viewed in context, the prosecutor was referring to defense counsel's failure to rebut certain questions raised about the evidence. A comment on the failure of defense counsel

to counter or explain the testimony presented or the evidence introduced is not a *Griffin* violation, where, as here, it is "not in any manner directed at the [defendant's] failure to take the stand." *United States v. Mares*, 940 F.2d 455, 461 (9th Cir. 1991); *see also United States v. Sarno*, 73 F.3d 1470, 1498-99 (9th Cir. 1995); *United States v. Mende*, 43 F.3d 1298, 1301 (9th Cir. 1995).

**AFFIRMED.**